Daniel Chammas, SBN 204825
dchammas@fordharrison.com
Jason Shon, SBN 306198
jshon@fordharrison.com
**FORD & HARRISON LLP**
350 South Grand Avenue, Suite 2300
Los Angeles, CA  90071
Telephone: 213-237-2400
Facsimile:  213-237-2401

Attorneys for Defendants,
EDITION MANAGEMENT, LLC, and
MARRIOTT INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIANCA CODY, an individual, MARTEL DEVLIN, an individual, and IRIS WALKER, an individual, | Case No.: |
| Plaintiffs, | **DEFENDANTS EDITION MANAGEMENT, LLC AND MARRIOTT INTERNATIONAL, INC.'S NOTICE OF REMOVAL OF ACTION** |
| vs. | |
| EDITION MANAGEMENT, LLC, a Delaware Limited Liability Company; MARRIOTT INTERNATIONAL, INC., a Delaware Corporation; MARJORIE YANZON, an individual; and DOES 1 through 50 inclusive, | Action Filed:      March 13, 2023<br>Date of Removal:   April 28, 2023 |
| Defendants. | |

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

1

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

## I.   PLEADINGS, AND PROCESS, AND ORDERS

1.   On March 13, 2023, Plaintiffs BIANCA CODY, MARTEL DEVLIN, and IRIS WALKER (collectively, "Plaintiffs") filed a Complaint in the Los Angeles County Superior Court, titled *"Bianca Cody, Martel Devlin, and Iris Walker v. Edition Management, LLC, a Delaware Limited Liability Company; Marriott International, Inc., a Delaware Corporation; and Marjorie Yanzon, an individual; and Does 1-50,"* Case No. 23STCV05518 (the "State Court Action").  Declaration of Jason Shon ("Shon Decl.") ¶ 2.  A true and correct copy of Plaintiff's Complaint is attached to the Declaration of Jason Shon as **Exhibit A**.  Shon Decl. ¶ 2, Ex. A.

2.   On April 27, 2023, Defendants Edition Management, LLC ("Edition Management") and Marriott International, Inc. ("Marriott"), filed their Answer in State Court. A true and correct copy of Edition Management's Answer is attached to the Declaration of Jason Shon as **Exhibit B**.  Shon Decl. ¶ 3. A true and correct copy of Marriott's Answer is attached as **Exhibit C**. Shon Decl. ¶ 3.

3.   Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the entire file or record in the State Court Action other than the Complaint and Answer, including all process and pleadings, filed in this action, is attached to the Declaration of Jason Shon as **Exhibit D**.  Shon Decl. ¶ 4. The allegations in the Complaint are incorporated for reference in this notice of removal but are not admitted.

4.   Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process, pleadings and orders served on or received by Defendants and/or filed in the State Court Action.  To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in the Los Angeles County Superior Court, or served by any party.  Shon Decl. ¶ 5.

5.   Plaintiff's state court Complaint alleges the following twelve causes of action: (1) Discrimination Based on Race in Violation of the Fair Employment and

Housing Act ("FEHA"); (2) Harassment Based on Race in Violation of the FEHA; (3) Retaliation in Violation of the FEHA; (4) Failure to Prevent Discrimination and Retaliation in Violation of the FEHA; (5) Wrongful Termination in Violation of Public Policy; (6) Retaliaion in Violation of Labor Code Section 1102.5; (7) Failure to Provide Required Rest Periods: (8) Failure to Pay Timely Wages During Employment; (9) Failure to pay all Wages Due to Discharge and Quitting Employees; (10) Failure to Maintain Required Records; (1) Failure to Furnish Accurate Itemized Wage Statements; and (12) Unfair and Unlawful Business Practices.  Shon Decl. ¶ 2, Ex. A.

## II.   DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332 (A)

6.   "[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a).

7.   A state court action may be removed to federal court if (1) the action is between citizens of different states, and (2) the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a). This case meets both requirements.

### A.   Complete Diversity Pursuant To 28 U.S.C. § 1332 Exists in This Case

8.   Citizenship of Plaintiffs.  "The place where a [person] lives is properly taken to be [their] domicile until facts adduced establish the contrary."  *Dist. of Columbia v. Murphy*, 314 U.S. 441, 455 (1941). Plaintiff Bianca Cody "is, and at all times relevant hereto was, a resident of the State of California, County of Los Angeles." Compl. ¶ 2.  Plaintiff Martel Devlin "is, and at all times relevant hereto was, a resident of the State of California, County of Los Angeles." Compl. ¶ 3. Plaintiff Iris Walker "is, and at all times relevant hereto was, a resident of the State of California, County of Los Angeles." Compl. ¶ 4.  All Plaintiffs are therefore citizens of the State of California for diversity purposes.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

9. <u>Citizenship of Defendant Marriott International, Inc.</u> "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business …" 28 USC § 1332(c)(1). An entity incorporated under state law is a corporation for diversity purposes "regardless of [its] individual structure, purpose, operations, or name." *Kuntz v. Lamar Corp.* (9th Cir. 2004) 385 F.3d 1177, 1183. Marriott International, Inc. is a corporation organized in the State of Delaware with its headquarters and principal place of business located in the State of Maryland. Accordingly, for diversity purposes, Marriott International, Inc. is a citizen of Delaware and Maryland. 28 U.S.C. § 1332(c)(1).

10. <u>Citizenship of Defendant Edition Management, LLC.</u> The citizenship of a limited liability company for diversity jurisdiction purposes is the citizenship of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens"). Edition Management, LLC is a limited liability company registered in the state of Delaware with its principal place of business located in the State of Maryland. Its sole member is Defendant Marriott International, Inc., who as stated above, is a citizen of Delaware and Maryland. Accordingly, for diversity purposes, Edition Management, LLC, too, is a citizen of Delaware and Maryland.

11. The supposed Defendants named as "DOES 1 through 50" are sued under fictitious names whose alleged citizenship is to be disregarded. 28 U.S.C. § 1441(b)(1).

12. Excluding individual Defendant Marjorie Yanzon, complete diversity of citizenship exists because all Plaintiffs are citizens of California and the entity Defendants are citizens of Delaware and Maryland.

//

//

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

4

## B.    Fraudulent Joinder of Individual Defendant Marjorie Yanzon

13.    Individual Defendant Marjorie Yanzon is a California citizen. The citizenship of Ms. Yanzon should be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b) on the grounds that there is no possibility that Plaintiffs will be able to establish liability against her for race-based harassment.

14.    "Fraudulent joinder is a term of art. If the Plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corporation*, 811 F.2d 1336, 1339 (9th Cir. 1987). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)

15.    "[F]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." *Id.*, 236 F.3d at 1068 (quoting *Cavallini v. State Farm Mutual Auto Ins. Co.,* 44 F.3d 256, 263 (5th Cir. 1995)). "The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339. *See also Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014) (holding that courts may "look behind the pleadings to ensure that parties are not improperly creating or destroying diversity jurisdiction").

16.    The Ninth Circuit has recognized that a finding of fraudulent joinder is proper "where a defendant presents extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on her claims against the allegedly fraudulently joined defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018).

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

17.     Defendant Marjorie Yanzon is named as an individual defendant solely with respect to Plaintiffs' Second Claim for Relief for race-based harassment. *See* Compl. p. 10. Plaintiff Martel Devlin made no fact allegations against Marjorie Yanzon. *See* Compl. ¶¶ 26-29. The only allegation pertaining to Ms. Yanzon is the following:

> Just several months later, in August 2022, Bianca Cody and Iris Walker's Hispanic supervisor, Marjorie Yanzon, along with Defendants' Human Resources department ("HR"), suspended and terminated Bianca Cody and Iris Walker for a pretextual reason. On the night of August 6, 2022, no less than seven of Defendants' employees consumed alcohol while at work for Defendants. Marjorie Yanzon was the manager on duty the night of August 6, 2022. Instead of giving writeups to all employees that had consumed alcohol, Marjorie Yanzon discriminatorily gave writeups only to Bianca Cody and Iris Walker, while choosing not give write ups to other non-black employees that consumed alcohol. Compl. ¶ 30.

18.     It is beyond obvious that this sole allegation cannot possibly state a race-based harassment claim. Harassment is different from discrimination under FEHA. "[D]iscrimination refers to bias in the exercise of official actions on behalf of the employer, and harassment refers to bias that is expressed or communicated through interpersonal relations in the workplace." *Roby v. McKesson, Corp.*, 47 Cal. 4th 686, 707. As explained in *Reno v. Baird*, 18 Cal. 4th 640, 646-647, "[h]arassment claims are based on a type of conduct that is avoidable and unnecessary to job performance. No supervisory employee needs to use slurs or derogatory drawings, to physically interfere with freedom of movement, to engage in unwanted sexual advances, etc., in order to carry out the legitimate objectives of personnel management." The court further explained "*that the Legislature intended that commonly necessary personnel management actions such as hiring and firing*, job or project assignments, office or workstation assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, *do not come within the meaning of harassment*. These are actions of a

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

type necessary to carry out the duties of business and personnel management. These actions may retrospectively be found discriminatory if based on improper motives, but in that event the remedies provided by the FEHA are those for discrimination, not harassment. *Harassment, by contrast, consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management.*" *Id.*

19.    Plaintiffs' sole allegation against Marjorie Yanzon cannot, as a matter of law, support an actionable harassment claim and her joinder is fraudulent. This allegation pertains to a suspension and termination, *e.g.*, personnel decisions, because Walker and Cody were drinking on the job. While they may contend that other employees who were not Black were not disciplined for the same infraction, the allegedly discriminatory act pertains to a personnel decision, which under California law, is a claim for discrimination. Under FEHA, "only employers—and not individual supervisory employees—are at risk of liability for discrimination." *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 80 (1996). Thus, Plaintiffs' allegation against Ms. Yanzon cannot possibly state a claim for relief because it is based on discriminatory conduct and it is facially deficient to support a claim for race-based harassment when the "harassing" act pertains to a personnel decision.

20.    Not only is the Complaint's sole allegation hopelessly inadequate, there is also no possibility that a harassment claim can be stated against Ms. Yanzon. In a race harassment case, "the law requires the plaintiff to meet a threshold standard of severity or pervasiveness," and "severe or pervasive conduct requires more than 'occasional, isolated, sporadic, or trivial.'" *Etter v. Veriflo Corp.*, 67 Cal. App. 4th 457, 467 (1998); *see also Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 131 (1999)("[H]arassment cannot be occasional, isolated, sporadic, or trivial[;] rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature"); *see also Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003) ("[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

conditions of employment." (internal citation omitted). Plaintiffs' allegation, again, pertains to an isolated *personnel decision* resulting from a violation of company policy and is not "extremely serious," and cannot support "severe or pervasive conduct," or a "concerted pattern of harassment." Any assertion to the contrary is implausible because Ms. Yanzon did not regularly work with any of the plaintiffs. Declaration of Marjorie Yanzon (Yanzon Decl.) ¶¶ 2-4; Declaration of Grecia Arvizu ("Arvizu Decl.") ¶¶ 3-4. Plaintiffs worked at a Luxury Boutique Hotel called the West Hollywood Edition ("Hotel"). *Id.* The Hotel operates a nightclub and a separate restaurant. *Id.* As Plaintiffs acknowledge, they worked at the "nightclub." Compl. ¶ 22-24. Ms. Yanzon, however, almost never worked at the nightclub, and regularly worked as the restaurant manager. Yanzon Decl. ¶¶ 2-5. Ms. Yanzon had absolutely no interaction with Plaintiffs when she worked as the restaurant manager. *Id.* The only times that Ms. Yanzon worked in the nightclub was when she filled in for the regular manager of the nightclub. *Id.* The sole incident involving Ms. Yanzon, as alleged in the Complaint, occurred on August 6, 2022. Compl. ¶ 30. On that night, Ms. Yanzon was indeed filling in for Plaintiffs' manager in the nightclub. Yanzon Decl. ¶ 6.

21.    Therefore, Ms. Yanzon simply did not have regular interactions with Plaintiffs that can make severe and pervasive harassment possible. Indeed, besides her observations of Cody and Walker on that one night, Ms. Yanzon did not have any substantive interaction with any of the plaintiffs. Yanzon Decl. ¶ 7.

22.    Ms. Yanzon, moreover, did not even recommend Cody or Walker's termination; indeed, Ms. Yanzon just reported them to Human Resources because consuming alcohol while on the job is a violation of company policy. Yanzon Decl. ¶¶ 8-9; Arvizu Decl. ¶ 11. It was Human Resources that made the decision to terminate Cody and Walker. Yanzon Decl. ¶ 9; Arvizu Decl. ¶ 11. Even though, as noted above, such a personnel decision cannot be harassment as a matter of law, the fact that Ms. Yanzon merely reported Cody and Walker to Human Resources for a

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

8

violation of company policy makes a harassment claim against Ms. Yanzon for her alleged involvement in the adverse employment actions even more baseless.

23. Based on this evidence, there is no possibility that Plaintiffs can state a claim against Ms. Yanzon, and her citizenship should be ignored for purposes of evaluating subject matter jurisdiction.

## C. The Amount-in-Controversy Exceeds $75,000

24. **Prayer for relief**: For all claims for relief, Plaintiffs seek "compensatory damages and consequential damages including lost wages, earnings, commissions, and other employee benefits and loss of earning capacity, and other special damages according to proof"; "for general damages for mental pain and anguish and emotional distress"; "for payment of unpaid wages in accordance with the California Labor Code and IWC Wage Orders"; "for rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Orders"; "for payment of penalties in accordance with California law, including but not limited to penalties pursuant to California Labor Code"; "for Defendants to be ordered and enjoined to make restitution to Plaintiffs and disgorgement of profits from their unlawful business practices and accounting, pursuant to California Business and Professions Code § 17203 and 17204"; "for punitive damages pursuant to Civil Code § 3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future"; "for costs of suit, attorneys' fees, and expert witness fees pursuant the Labor Code, Government Code, Code of Civil Procedure § 1021.5, and/or any other basis"; "for pre- and post-judgment interest"; and "for penalties as required by law." Compl., Prayer for Relief ¶¶ 1-10.

25. The Complaint does not allege a specific amount for damages as to each claim. A notice of removal needs only a plausible allegation that the amount-in-controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation. *Dart Cherokee Basin Operating Co., LLC v. Owens¸* S. Ct. 547, 554

9

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

(2014); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).  As noted in *Dart Cherokee*: "'[D]efendants do not need to prove to a legal certainty that the amount-in-controversy requirement has been met.  Rather, defendants may simply allege or assert that the jurisdictional threshold has been met.  Discovery may be taken with regard to that question.  In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.'" *Id.* (quoting House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. Rep. No. 112-10, p. 16 (2011)).[1]  Here, the Court can reasonably ascertain from Plaintiffs' allegations and their prayer for relief that the amount-in-controversy exceeds $75,000.  The assertions of Defendants herein are limited to their preliminary understanding of Plaintiffs' claims and data currently available to Defendants.  "In measuring the amount-in-controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  "When a '[d]efendant's calculations (are) relatively conservative, made in good faith, and based on evidence whenever possible,' the court may find that the '[d]efendant has established by a preponderance of the evidence that the amount-in-controversy is met.'" *Cagle v. C&S Wholesale Grocers, Inc.,* 2014 U.S. Dist. LEXIS 21571, *20 (E.D. Cal. Feb. 19, 2014) (quoting *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted)).  Nor does Defendant need to provide summary judgment-type evidence. *Id*. at *21.

26.    While Defendants deny any liability to Plaintiffs whatsoever, Defendants assert, based on the allegations in the Complaint and Plaintiffs' prayer for relief, that the amount-in-controversy exceeds $75,000.

//

---

[1]  The Supreme Court went on to say that "[o]f course, a dispute about a defendant's jurisdictional allegations cannot arise until *after* the defendant files a notice of removal containing those allegations." *Dart Cherokee¸* 135 S. Ct. at 554.

Ford & Harrison LLP
Attorneys At Law
Los Angeles

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

**Wrongful Termination**

27. **Lost Income**: In calculating the amount-in-controversy, a defendant is permitted to calculate lost income from the date of termination until the date of likely judgment. *See Garcia v. ACE Cash Express, Inc.*, 2014 U.S. Dist. LEXIS 76351, *11 (C.D. Cal. May 30, 2014) (it was proper for the defendant to calculate back pay at issue by calculating wages in "months between termination and removal…and adding wages for the estimated time between removal and trial"); *James v. Childtime Childcare, Inc.*, 2007 U.S. Dist. LEXIS 43753, *4, n. 1 (E.D. Cal. May 31, 2007) (plaintiff "erroneously assumes that the court includes only those wages lost before removal when calculating the amount-in-controversy. The court evaluates the amount-in-controversy at the time of removal, but it may consider both past and future lost wages."); *see also Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (affirming proposition that damages claimed at the time of removal may be calculated through the date of judgment).

28. Here, the median time from the filing of a civil complaint until trial in the Central District of California is approximately 24.2 months. (See United States Courts Statistics, https://www.uscourts.gov/statistics/table/c-5/statistical-tables-federal-judiciary/2022/06/30). That would mean an estimated trial date of approximately April 28, 2025 — two years from the date of removal.

29. Plaintiffs did not state their respective rates of pay but their hourly rates were $18.35 for Bianca Cody and Iris Walker, and $18.25 for Martel Devlin. Arvizu Decl. ¶¶ 6-8. West Hollywood Edition is only open three days a week, Thursday to Saturday, and all Plaintiffs are part-time workers, who worked 24 hours per week. Arvizu Decl. ¶ 5.

    a. Accordingly, through the date of likely judgment, Plaintiff Bianca Cody's claim for lost wages is approximately $61,656.00 ($18.35 per hour x 24 hours per week x 140 weeks (the number of weeks between August 19, 2022 termination and projected April 28, 2025 trial).

Ford & Harrison LLP
Attorneys At Law
Los Angeles

b. Accordingly, through the date of likely judgment, Plaintiff Iris Walker's claim for lost wages is approximately $61,656.00 ($18.35 per hour x 24 hours per week x 140 weeks (the number of weeks between August 19, 2022 termination and projected April 28, 2025 trial).

c. Accordingly, through the date of likely judgment, Plaintiff Martel Devlin's claim for lost wages is approximately $67,890.00 ($18.25 per hour x 24 hours per week x 155 weeks (the number of weeks between May 6, 2022 termination and projected April 28, 2025 trial).

30. **Attorneys' Fees**: Plaintiff also seeks to recover attorneys' fees and costs pursuant to their claims for relief. It is well-settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount-in-controversy for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount-in-controversy"); *Brady v. Mercedes-Benz USA, Inc.,* 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount-in-controversy issue, a court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if he were to prevail). While Plaintiffs' attorneys' fees cannot be precisely calculated from the face of the Complaint, it is reasonable to assume that the amount of attorneys' fees Plaintiffs could incur in the course of this matter may exceed a damages award. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (C.D. Cal. 2002). Furthermore, the court must consider the future attorneys' fees recoverable by statute when assessing the amount-in-controversy. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met".)

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

12

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

31.     Defendants estimate that, based on the twelve separate causes of action alleged by Plaintiffs, a reasonable estimate of the attorneys' fees in this matter is at minimum, 200 hours through trial.  This estimate is consistent with what other courts in this district have estimated for reasonable attorneys' fees in employment cases. *See Sasso v. Noble Utah Long Beach, LLC*, 2015 U.S. Dist. LEXIS 25921, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) ("Recent estimates for the number of hours expended through trial for employment cases in this district have ranged from 100 to 300 hours.").  **Using a conservative hourly rate of $350, with a total of 200 hours through trial, the potential attorneys' fees award is $70,000**. This estimate is conservative given that there are three Plaintiffs.

32.     **Emotional Distress**: For Plaintiffs' claims for discrimination, they allege that they "suffered general damages, as Plaintiffs were psychologically injured. Such injuries have caused, and continue to cause, Plaintiffs great mental pain and suffering, *in an amount more than this Court's [state court] minimal jurisdiction.* Compl. ¶ 39 (emphasis added). Plaintiffs filed this action under the California Superior Court's jurisdiction to hear "unlimited" matters and have therefore asserted that their emotional distress claim is at least $25,001 or else they would have initiated this action under the Superior Court's *limited* jurisdiction. *See* Cal. Civ. Code § 86(a). Although the claim is not specified, these potential damages are properly factored into the jurisdictional analysis for removal purposes.  *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (indicating that a plaintiff's claims for pain and suffering and humiliation may properly be factored into the jurisdictional analysis for purposes of removal); *see also Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S. D. Cal. 1995) (noting that emotional distress damages, although vaguely pled, were potentially substantial).

33.     Plaintiffs have not specifically provided an estimated value for emotional distress.  However, it is reasonable for Defendants, assuming Plaintiffs could recover non-economic damages in connection with their claims, to include at

13

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

least **$25,000** as the amount at issue as to *each* Plaintiff's alleged emotional distress, given the jurisdictional requirement for initiating this action under the California Superior Court's unlimited jurisdiction and their six-figure lost income claims. *See Guillen v. Kindred Healthcare Operating, Inc.*, 2018 WL 1183354, 2018 U.S. Dist. LEXIS 38458, *12 (C.D. Cal. Mar. 7, 2018) (citing *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) [in light of a plaintiff's alleged lost wages of at least $55,000, emotional distress damages could be valued at $25,000]). Here, there are three Plaintiffs, all with identical claims. **Accordingly, Plaintiffs' collective emotional distress claim is at least $75,000**.

34.   **Punitive damages**: The Court must take into account punitive damages for purposes of determining the amount-in-controversy where such damages are recoverable under state law. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1009 (N.D. Cal. 2002). California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

35.   Here, even assuming a conservative one-to-one ratio of punitive damages to Plaintiffs' claimed damages for their discrimination and retaliation claims (lost income and emotional distress), exclusive of wage and hour damages and attorneys' fees, a reasonable estimate of each Plaintiff's punitive damages claim is approximately:

a. For Bianca Cody, $86,656.00 ($25,000 [emotional distress] + $61,656 [lost income]).

b. For Iris Walker, $86,656.00 ($25,000 [emotional distress] + $61,656 [lost income]).

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

c. For Martel Devlin, $92,890.00 ($25,000 [emotional distress] + $67,890 [lost income]). *See Guillen*, 2018 U.S. Dist. LEXIS 38458, *13 (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007).

### Wage and Hour Claims

36. Plaintiff Bianca Cody alleges that she was hired "on or about October 14, 2019 . . . to work as a server at their nightclub called the West Hollywood Edition, located at 9040 Sunset Blvd., West Hollywood, CA 90069. Defendants furloughed Bianca Cody during the COVID-19 pandemic, along with her coworkers, but rehired her on or about January 17, 2022." Compl. ¶ 22. Plaintiff Iris Walker alleges that she was hired in January 2022. Compl. ¶ 23. They allege that "in August 2022 . . . Defendants' suspended and terminated [them] for a pretextual reason." Compl. ¶ 30. Excluding Bianca Cody's employment term prior to her reinstatement from furlough, Bianca Cody and Iris Walker worked approximately 30 weeks between January 17, 2022 to May 19, 2022. Plaintiff Devlin Martel alleges that he was hired on January 20, 2022. Compl. ¶ 24. "Martel Devlin found the discriminatory environment so intolerable that he chose to resign" around May 2022. Compl. ¶ 29. Accordingly, Martel Devlin worked approximately 15 weeks.

37. **Rest period allegations**: Plaintiffs allege that "[t]hroughout the course of all Plaintiffs' employment, their job duties prevented them from being able to take a statutorily required 10-minute rest period. Defendants foster a culture and practice at the West Hollywood Edition of employees not taking 10-minute rest periods. All Plaintiffs worked an average of seven-and-a-half hours per day, from 8:00 p.m. through 3:30 a.m. Thus, all Plaintiffs missed two rest periods per day worked." Compl. ¶ 25. Labor Code section 226.7 also provides that employers must pay their employees one additional hour of pay at the employee's regular rate for each workday that a "meal or rest or recovery period is not provided." Lab. Code § 226.7(c).

//

Ford & Harrison
LLP
Attorneys At Law
Los Angeles

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

38.     Because Plaintiffs allege that they "missed two rest periods per day worked," each Plaintiff seeks 6 rest period premiums per workweek.

a.  Accordingly, Plaintiff Bianca Cody seeks approximately $3,303.00 in unpaid rest period premiums ($18.35 per hour x 30 workweeks x 6 violations per week).

b.  Accordingly, Plaintiff Iris Walker seeks approximately $3,303.00 in unpaid rest period premiums ($18.35 per hour x 30 workweeks x 6 violations per week).

c.  Accordingly, Plaintiff Martel Devlin seeks approximately $1,642.50 in unpaid rest period premiums ($18.25 per hour x 15 workweeks x 6 violations per week).

39.     **Failure to pay wages timely during employment**: Labor Code section 204 states that all wages earned by any person in any employment are payable twice during the calendar month and must be paid not more than seven days following the close of the period when the wages were earned. Labor Code section 210, subdivision (a), makes employers who violate Labor Code section 204 subject to a penalty of $100 for any initial failure to timely pay each employee's full wages and $200 for each subsequent violation, plus 25% of the amount unlawfully withheld. Plaintiffs allege that "Defendants knowingly and willfully failed to pay Plaintiffs all the wages earned when due as required by California Labor Code Section 204. Compl. ¶ 108. As Plaintiffs were paid bi-weekly, it is reasonable to calculate the number of pay periods by dividing the number of workweeks by two.

a.  With 15 pay periods, Plaintiff Bianca Cody's claim for civil penalties is $2,900.00 ($100 for initial violation + $200 for the remaining 14 pay periods). The "25% of the amount unlawfully withheld" is calculated in the chart further below.

b.  With 15 pay periods, Plaintiff Iris Walker's claim for civil penalties is $2,900.00 ($100 for initial violation + $200 for the remaining 14

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

16

pay periods). The "25% of the amount unlawfully withheld" is calculated in the chart further below.

c. With 7 pay periods, Plaintiff Devlin Walker's claim for civil penalties is $1,300 ($100 for initial violation + $200 for the remaining 6 pay periods). The "25% of the amount unlawfully withheld" is calculated in the chart further below.

40. **Failure to pay all wages earned and unpaid at separation:** "California Labor Code Section 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code Sections 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays." Compl. ¶ 114. Plaintiffs allege that "Defendants have willfully failed to pay accrued wages, premium pay for missed meal and rest periods and other compensation to Plaintiffs in accordance with California Labor Code Sections 201 and 202." Compl. ¶ 115.

a. Plaintiff Bianca Cody's claim for waiting time penalties is approximately $4,404.00 ($18.35 per hour x 8 hours per day x 30 days).

b. Plaintiff Iris Walker's claim for waiting time penalties is approximately $4,404.00 ($18.35 per hour x 8 hours per day x 30 days).

c. Plaintiff Devlin Martel's claim for waiting time penalties is approximately $4,380.00 ($18.25 per hour x 8 hours per day x 30 days).

41. **Failure to maintain accurate records and failure to provide accurate itemized statements:** Plaintiffs allege that "as part of Defendants' illegal payroll policies and practices to deprive Plaintiffs of all wages earned and due, Defendants knowingly and intentionally failed to maintain records as required under

17

California Labor Code Sections 226, 1174, and IWC Wage Orders, including but not limited to the following records: total daily hours worked by each employee; applicable rates of pay; all deductions; meal period pay; rest period pay; time records showing when each employee begins and ends each work period; and accurate itemized statements" Compl. ¶ 118. Plaintiffs further allege that "Defendants routinely failed to provide Plaintiffs with timely, accurate, and itemized wage statements . . . in violation of California Labor Code Section 226 and IWC Wage Orders." Compl. ¶ 122. Plaintiffs allege that they "have been damaged and is (sic) entitled to all available statutory penalties, including but not limited to penalties pursuant to California Labor Code Sections 226 (e), and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in Section 226 (e), as well as other available remedies." Compl. ¶ 119. Labor Code section 226(e)(1) provides, "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

    a. With 15 pay periods, Plaintiff Bianca Cody's claim for civil penalties is $1,450.00 ($50 for initial violation + $100 for the remaining 14 pay periods).

    b. With 15 pay periods, Plaintiff Iris Walker's claim for civil penalties is $1,450.00 ($50 for initial violation + $100 for the remaining 14 pay periods).

    c. With 7 pay periods, Plaintiff Devlin Walker's claim for civil penalties is $650 ($50 for initial violation + $100 for the remaining 6 pay periods).

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

42. Defendants deny that Plaintiffs' claims have any merit. Defendants also deny that Plaintiffs suffered any damages. However, when the relief sought is taken as a whole, the amount-in-controversy for Plaintiffs' claims exceed the $75,000 jurisdiction requirement, exclusive of interest and costs. Using the aforementioned methodology, the amount-in-controversy claimed by Plaintiff is, at minimum, **$636,552.63**. This aggregate potential liability is broken down as follows:

| AMOUNT-IN-CONTROVERSY | |
|---|---|
| Lost Income | **$61,656.00 (Bianca Cody);** **$61,656.00 (Iris Walker);** **$67,890.00 (Martel Devlin)** |
| Emotional Distress | **$25,000.00 (Bianca Cody);** **$25,000.00 (Iris Walker);** **$25,000.00 (Martel Devlin);** |
| Punitive Damages | **$86,656.00 (Bianca Cody);** **$86,656.00 (Iris Walker);** **$92,890.00 (Martel Devlin);** |
| Wage and Hour – Rest Periods | **$3,303.00 (Bianca Cody);** **$3,303.00 (Iris Walker);** **$1,642.00 (Martel Devlin)** |
| Wage and Hour – Civil Penalties for Failure to Pay Wages on Established Days; 25% of amount unlawfully withheld | **$3,725.75 (Bianca Cody);** **$3,725.75 (Iris Walker);** **$1,710.63 (Martel Devlin)** **[For each, civil penalties based on the number of workweeks + 25% of their rest period premiums]** |

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

| Wage and Hour – Failure to Provide Accurate Itemized Statements / Failure to Maintain Records | **$1,450.00 (Bianca Cody);** **$1,450.00 (Iris Walker);** **$650.00 (Martel Devlin)** |
|---|---|
| Wage and Hour – Failure to Pay All Wages at Separation | **$4,404.00 (Bianca Cody);** **$4,404.00 (Iris Walker);** **$4,380.00 (Martel Devlin)** |
| Attorneys' Fees | **$70,000.00** |
| **TOTAL:** | **$636,552.63** |

43.     Thus, this Court has original jurisdiction over the claims asserted by Plaintiffs in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

44.     While Defendants deny Plaintiffs' allegations of wrongdoing, the facial allegations in Plaintiffs' Complaint and the total amount of penalties and attorneys' fees at issue in this action, when viewed in the light most favorable to Plaintiffs, is in excess of the jurisdictional minimum. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). "In measuring the amount-in-controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "When a '[d]efendant's calculations (are) relatively conservative, made in good faith, and based on evidence whenever possible,' the court may find that the '[d]efendant has established by a preponderance of the evidence that the amount-in-controversy is met.'" *Cagle v. C&S Wholesale Grocers, Inc.*, 2014 U.S. Dist. LEXIS 21571, * 20 (E.D. Cal. Feb. 19, 2014) (quoting *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted)). Nor does Defendant need to provide summary judgment-type evidence. *Cagle*, 2014 WL 651923, *7.

//

FORD & HARRISON LLP ATTORNEYS AT LAW LOS ANGELES

20

45. All other claims for relief under various California statutory laws, including, but not limited to, Plaintiffs' Twelfth Cause of Action for Unfair Competition in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.* is within the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a), because it is so related to the Plaintiffs' claims (*i.e.* Plaintiffs' First through Eleventh Causes of Action) that it forms part of the same case or controversy under Article III of the United States Constitution. These other state law claims are derivative of their other claims since they "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004). Jurisdiction is thus appropriate for all of Plaintiffs' claims that are transactionally related to Plaintiffs other claims.

## III. THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

46. Pursuant to 28 U.S.C. § 1446(a), Defendants have attached to this Notice and the Declaration of Jason Shon, all pleadings, process, orders, and all other filings in the state court action. Shon Decl. ¶¶ 2-5, Exs. A-D.

47. This Notice of Removal is timely filed in accordance with 28 U.S.C. 1446(b), in that it is filed within thirty (30) days after Defendants were provided with any pleading or other paper in this matter, and this case has been on file for less than one year. *See Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). The 30-day period for removal runs from the date of service of the summons and complaint, as governed by state law. *See Id.* Here, Defendants were served with the Complaint on March 29, 2023. Shon Decl. ¶ 5, Ex. C. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of the date when Defendants were deemed served with a copy of the Complaint and corresponding summons, accounting for weekends. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. Proc. 6(a); *Krug v. Wells Fargo Bank, N.A.*, No. C 11-5190, 2011 WL 6182341, *1 (N.D. Cal. Dec. 13, 2011).

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

48.     Defendants will promptly file and serve a notice of removal to the Clerk of Superior Court of California, County of Los Angeles. Shon Decl. ¶ 6.

49.     As required by 28 U.S.C. §1446(d), Defendant will give notice of this removal to Plaintiff.  Shon Decl. ¶ 6.

## IV.    **VENUE**

50.     This action was brought and is pending before the Superior Court of California, Los Angeles County.

51.     Los Angeles County, California is located within the Central District of California.

52.     Venue is proper pursuant to 28 U.S.C. § 84(c)(2) because this is the "district and division embracing the place where [Plaintiff's] action is pending." 28 U.S.C. §1441(a), & 1446(a).

## V.    **CONCLUSION**

WHEREFORE, Defendants remove this civil action from the Superior Court of the State of California, Los Angeles, to the United States District Court for the Central District of California.  By removing the action to this Court, Defendants do not waive any defenses, objections, or motions available to them under state or federal law.

Dated:  April 28, 2023          FORD & HARRISON LLP

By:    */s/ Jason Shon*
          Daniel Chammas
          Jason Shons

          Attorneys for Defendants,
          EDITION MANAGEMENT, LLC, and
          MARRIOTT INTERNATIONAL, INC.

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

22

## PROOF OF SERVICE

I, Aurora Gomez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, CA 90071.

On April 28, 2023, I served a copy of the following document(s) described below, on the interested parties in this action, as follows:

**DEFENDANTS EDITION MANAGEMENT, LLC AND MARRIOTT INTERNATIONAL, INC.'S NOTICE OF REMOVAL OF ACTION**

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I electronically served the documents on the date shown below to the e-mail addresses of the person listed below. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

Michael Elkin, Esq.                                    Attorneys for Plaintiffs
Jessica Gamboa, Esq.
Benjamin McLain, Esq.
Elkin Gamboa, LLP
4119 W. Burbank Blvd., Suite 110
Burbank, CA 91505
Telephone: (323) 372-1202
Email: michael@elkingamboa.com
        jessica@elkingamboa.com
        ben@elkingamboa.com
danielle@elkingamboa.com
CodyvMarriott@elkingamboa.filevineapp.com

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America and State of California that the above is true and correct. Executed on April 28, 2023, at Los Angeles, California.

_____
Aurora Gomez

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' NOTICE OF REMOVAL OF ACTION