# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

EDITION MANAGEMENT, LLC, a Delaware Limited Liability Company; Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

BIANCA CODY, an individual, MARTEL DEVLIN, an individual, and IRIS WALKER, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse

Superior Court of California, County of Los Angeles
111 North Hill Street, Los Angeles, CA 90012

**CASE NUMBER:**
*(Número del Caso):*
**23STCV05518**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael Elkin, Esq. (SBN: 286862), 4119 W. Burbank Blvd Ste. 110, Burbank, CA, 91505, P:(323) 372-1202

David W. Slayton, Executive Officer/Clerk of Court

**DATE:** 03/13/2023
*(Fecha)*

Clerk, by E. Galicia , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Edition Management, LLC, a Delaware Limited Liability Company

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
☒ other *(specify):* Limited Liability Company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Cody, et al. v Edition Management, LLC, et al. | 23STCV05518 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

MARRIOTT INTERNATIONAL, INC., a Delaware Corporation; MARJORIE YANZON, an individual; and DOES 1 through 50 inclusive,

Page ___1___ of ___1___

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
| --- | --- |
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

EDITION MANAGEMENT, LLC, a Delaware Limited Liability Company; Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BIANCA CODY, an individual, MARTEL DEVLIN, an individual, and IRIS WALKER, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: **Stanley Mosk Courthouse**
*(El nombre y dirección de la corte es):*

Superior Court of California, County of Los Angeles
111 North Hill Street, Los Angeles, CA 90012

| CASE NUMBER: |
| --- |
| *(Número del Caso):* |
| 23STCV05518 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael Elkin, Esq. (SBN: 286862), 4119 W. Burbank Blvd Ste. 110, Burbank, CA, 91505, P:(323) 372-1202

| DATE: | 03/13/2023 | Clerk, by | David W. Slayton, Executive Officer/Clerk of Court | , Deputy |
| --- | --- | --- | --- | --- |
| *(Fecha)* | | *(Secretario)* | E. Galicia | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Marriott International, INC., A Delaware Corporation

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
    ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| --- | --- | --- |
| Judicial Council of California | | *www.courtinfo.ca.gov* |
| SUM-100 [Rev. July 1, 2009] | | |

**SUM-200(A)**

| SHORT TITLE:<br>Cody, et al. v Edition Management, LLC, et al. | CASE NUMBER:<br>23STCV05518 |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

MARRIOTT INTERNATIONAL, INC., a Delaware Corporation; MARJORIE YANZON, an individual; and DOES 1 through 50 inclusive,

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: William Fahey

1   ELKIN | GAMBOA, LLP
    Michael Elkin, Esq. (SBN 286862)
2       E-Mail: michael@elkingamboa.com
    Jessica Gamboa, Esq. (SBN 285773)
3       E-Mail: jessica@elkingamboa.com
    Benjamin McLain, Esq. (SBN 340091)
4       E-Mail: ben@elkingamboa.com
    4119 W. Burbank Blvd, Suite 110
5   Burbank, California, 91505
    Telephone: 323.372.1202
6   Facsimile: 323.372.1216

7   Attorneys for Plaintiffs BIANCA CODY,
    MARTEL DEVLIN, and IRIS WALKER
8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF LOS ANGELES

11

12  BIANCA CODY, an individual, MARTEL          Case No.   23STCV05518
    DEVLIN, an individual, and IRIS WALKER,
13  an individual                              COMPLAINT FOR DAMAGES FOR:

14              Plaintiffs,                     1.  Discrimination Based on Race in
                                                   Violation of the FEHA
15       vs.
                                               2.  Harassment Based on Race in
16  EDITION MANAGEMENT, LLC, a                     Violation of the FEHA
    Delaware Limited Liability Company;
17  MARRIOTT INTERNATIONAL, INC., a           3.  Retaliation in Violation of the
    Delaware Corporation; MARJORIE                FEHA
18  YANZON, an individual; and DOES 1
    through 50 inclusive,                      4.  Failure to Prevent Discrimination
19                                                 and Retaliation in Violation of the
                Defendants.                        FEHA
20
                                               5.  Wrongful Termination in
21                                                 Violation of Public Policy

22                                             6.  Retaliation in Violation of Labor
                                                   Code Section 1102.5
23
                                               7.  Failure to Provide Required Rest
24                                                 Periods

25                                             8.  Failure to Pay Timely Wages
                                                   During Employment
26
                                               9.  Failure to Pay All Wages Due to
27                                                 Discharged and Quitting

28
                                    1
                                COMPLAINT

E|G
ELKIN GAMBOA LLP

Employees

10. Failure to Maintain Required Records

11. Failure to Furnish Accurate, Itemized Wage Statements

12. Unfair and Unlawful Business Practices

Plaintiffs BIANCA CODY, IRIS WALKER, and MARTEL DEVLIN ("Plaintiffs") hereby submit this Complaint against EDITION MANAGEMENT, LLC, a Delaware Limited Liability Company; MARRIOTT INTERNATIONAL, INC., a Delaware Corporation; MARJORIE YANZON, an individual; and DOES 1 through 50, inclusive (collectively "Defendants"), and each of them, and alleges as follows:

## JURISDICTION

1.      This Court is the proper Court, and this action is properly filed in Los Angeles County because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

## THE PARTIES

2.      Plaintiff Bianca Cody is, and at all times relevant hereto was, a resident of the State of California, County of Los Angeles.

3.      Plaintiff Martel Devlin is, and at all times relevant hereto was, a resident of the State of California, County of Los Angeles.

4.      Plaintiff Iris Walker is, and at all times relevant hereto was, a resident of the State of California, County of Los Angeles.

5.      Defendant Edition Management, LLC ("Edition") is, and at all times relevant hereto was, a Delaware Limited Liability Company, doing business and employing individuals in the County of Los Angeles.

2
COMPLAINT

6.      Defendant Marriott International, Inc. ("Marriott") is, and at all times relevant hereto was, a Delaware corporation, doing business and employing individuals in the County of Los Angeles, State of California.

7.      Defendant Marjorie Yanzon, an individual, is, and at all times relevant hereto was, a resident of the State of California, County of Los Angeles.

8.      Defendants Edition and Marriott were Plaintiff's employer within the meaning of Government Code §§ 12925(d), 12940 (a), (h), (l), (h)(3)(A) and (i), and 12950, and the *Labor Code*, and regularly employ five or more persons.

9.      The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants named herein as DOES 1-50, inclusive, are unknown to Plaintiffs at this time and therefore said Defendants are sued by such fictitious names. Plaintiffs will seek leave to amend this Complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiffs. Plaintiffs are informed and believe and thereupon alleges that each of the fictitiously named Defendants are responsible for the wrongful acts alleged herein and is therefore liable to Plaintiffs as alleged hereinafter.

10.     Plaintiffs are informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, conspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employment, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

11.     Plaintiffs are informed and believe, and based thereupon allege, that Defendants, and each of them, including those Defendants named DOES 1-50, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled, and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so. Plaintiffs are further informed and believe, and based thereupon allege, that the Defendants, and each of them, including those Defendants named as DOES 1-50, formed and executed a conspiracy or common plan pursuant to

3
COMPLAINT

1  which they would commit the unlawful acts alleged herein, with all such acts alleged herein done

2  as part of and pursuant to said conspiracy, intended to and actually causing Plaintiffs harm.

3      12.    Whenever and wherever reference is made in this Complaint to any act or failure to

4  act by a Defendant or co-Defendants, such allegations and references shall also be deemed to mean

5  the acts and/or failures to act by each Defendant acting individually, jointly, and severally.

6      13.    Plaintiffs have filed complaints under *Government Code* sections 12940 et seq., the

7  California Fair Employment and Housing Act ("FEHA") with the California Department of Fair

8  Employment and Housing ("DFEH") and have satisfied Plaintiffs' administrative prerequisites with

9  respect to these and all related filings.

10              **ALTER EGO, AGENCY, AND JOINT EMPLOYER**

11      14.    Plaintiffs are informed and believe, and based thereon allege, that there exists such a

12  unity of interest and ownership between Defendants and DOES 1-50 that the individuality and

13  separateness of Defendants have ceased to exist.

14      15.    Plaintiffs are informed and believe, and based thereon allege, that despite the

15  formation of purported corporate existence, DOES 1-50 are, in reality, one and the same as

16  Defendants, including, but not limited to, for the following reasons:

17          a.  Defendants are completely dominated and controlled by DOES 1-50, who personally

18  violated the laws set forth in this complaint, and who have hidden and currently hide behind

19  Defendants to circumvent statutes or accomplish some other wrongful or inequitable purpose.

20          b.  DOES 1-50 derive actual and significant monetary benefits by and through

21  Defendants' unlawful conduct, and by using Defendants as the funding source for their own personal

22  expenditures.

23          c.  Plaintiffs are informed and believe, and thereupon allege, that Defendants and DOES

24  1-50, while really one and the same, were segregated to appear as though separate and distinct for

25  purposes of circumventing a statute or accomplishing some other wrongful or inequitable purpose.

26          d.  Plaintiffs are informed and believe that Defendants do not comply with all requisite

27  corporate formalities to maintain a legal and separate corporate existence.

28

E | G

ELKIN GAMBOA ﮮ

4
COMPLAINT

1          e.  Plaintiffs are informed and believe, and based thereon alleges, that the business

2    affairs of Defendants and DOES 1-50 are, and at all times relevant hereto were, so mixed and

3    intermingled that the same cannot reasonably be segregated, and the same are in inextricable

4    confusion.  Defendants are, and at all times relevant hereto were, used by DOES 1-50 as a mere

5    shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego

6    of DOES 1-50.  The recognition of the separate existence of Defendants would not promote justice,

7    in that it would permit Defendants to insulate themselves from liability to Plaintiffs for violations

8    of the Government Code, Labor Code, and other statutory violations.  The corporate existence of

9    Defendants and DOES 1-50 should be disregarded in equity and for the ends of justice because such

10   disregard is necessary to avoid fraud and injustice to Plaintiffs herein.

11         16.    Accordingly, Defendants constitute the alter ego of DOES 1-50, and the fiction of

12   their separate corporate existence must be disregarded.

13         17.    As a result of the aforementioned facts, Plaintiffs are informed and believe, and based

14   thereon alleges that Defendants and DOES 1-50 are Plaintiffs' joint employers by virtue of a joint

15   enterprise, and that Plaintiffs were an employee of Defendants and DOES 1-50.  Plaintiffs performed

16   services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all

17   Defendants shared control of Plaintiffs as an employee, either directly or indirectly, in the manner

18   in which Defendant' business was and is conducted.

19         18.    Plaintiffs are informed and believes and thereupon allege that Edition, Marriott,

20   Marjorie Yanzon, and DOES 1-50 were the actual employers and/or "person[s] acting on behalf of

21   the employer" within the meaning of *Labor Code* section 558.1.

22                        **FACTUAL ALLEGATIONS**

23         19.    Plaintiffs allege and incorporate herein by reference each and every allegation set

24   forth in all previous paragraphs of this Complaint.

25         20.    At all applicable times mentioned herein, Defendants regularly employed five or

26   more persons in California, bringing Defendants subject to the provisions of the Fair Employment

27   and Housing Act ("FEHA").

28

E | G

ELKIN GAMBOA LLP

5

COMPLAINT

21.     At all applicable times mentioned herein, Plaintiffs were non-exempt employees pursuant to California Labor Code, and Plaintiffs' employment did not qualify for any of the exceptions from non-exempt status.

22.     On or about October 14, 2019, Defendants hired Bianca Cody to work as a server at their nightclub called the West Hollywood Edition, located at 9040 Sunset Blvd., West Hollywood, CA 90069. Defendants furloughed Bianca Cody during the COVID-19 pandemic, along with her coworkers, but rehired her on or about January 17, 2022.

23.     On or about January 2022, Defendants hired Iris Walker to work as a server at the West Hollywood Edition.

24.     On January 20, 2022, Defendants hired Plaintiff Martel Devlin to work as a Bar Attendant at the West Hollywood Edition.

25.     Throughout the course of all Plaintiffs' employment, their job duties prevented them from being able to take a statutorily required 10-minute rest period. Defendants foster a culture and practice at the West Hollywood Edition of employees not taking 10-minute rest periods. All Plaintiffs worked an average of seven-and-a-half hours per day, from 8:00 p.m. through 3:30 a.m. Thus, all Plaintiffs missed two rest periods per day worked.

26.     All Plaintiffs are Black. During all Plaintiffs' employment with Defendants, there was only one other black employee, in addition to the three Plaintiffs, working for Defendants at the same location as Plaintiffs. Defendants discriminated against all three Plaintiffs throughout their employment because they are Black. Defendants vindictively used Defendants' policies to create discriminatory writeups and devised pretextual reasons to suspend or terminate Bianca Cody, Iris Walker and Martel Devlin, while steadfastly refusing to apply the same policies to other non-black employees.

27.     Defendants discriminated against Martel Devlin during his hiring process. Defendants initially brought in Martel Devlin to interview for a Bartender position, but once Defendants observed that he was black, they informed him that the Bartender role was no longer available and was given to a white co-worker. On March 7, 2022, Martel Devlin emailed

E | G
ELKIN GAMBOA ᴸᴸᴾ

1   Defendants' Human Resources department ("HR") requesting to speak with them regarding the fact

2   that he felt Defendants were discriminating against him. Specifically, Martel Devlin wanted to speak

3   to HR regarding the fact that Defendants hired non-blacks only for bartending positions and non-

4   blacks were allowed to drink on the job without repercussions. HR never responded to Martel

5   Devlin's request.

6          28.     In late April 2022, Defendants refused to allow Martel Devlin to work in an "on-

7   call" capacity, despite allowing other non-Black employees to do so.

8          29.     Finally, in early May 2022, Defendants created a disciplinary writeup for Martel

9   Devlin and attempted to terminate him for allegedly consuming alcohol while at work. This was

10  part of a larger practice undertaken by Defendants of writing-up and terminating black employees,

11  and only black employees, for drinking offenses. In response, Martel Devlin complained directly to

12  HR that he felt unfairly targeted by Defendants because not only had he not violated Defendants'

13  policies against drinking, but there were other non-Black employees that had violated Defendants'

14  no drinking policies but had not received a disciplinary writeup. Pursuant to Defendants'

15  Harassment, Discrimination, Retaliation, & Unprofessional Conduct Prevention Policy, in response

16  to a complaint of discrimination, Defendants "will use qualified personnel to conduct a timely, fair,

17  thorough, and objective investigation that gives all parties appropriate due process and reaches

18  reasonable conclusions based on the evidence collected." Despite this policy, HR did not perform

19  any investigation into Martel Devlin's complaints of discrimination. After Martel Devlin

20  complained that he felt targeted by Defendants, Defendants informed him that they rescinded his

21  termination. Nevertheless, Martel Devlin found the discriminatory environment so intolerable that

22  he chose to resign rather than continue to work in an environment in which he was discriminated

23  against.

24         30.     Just several months later, in August 2022, Bianca Cody and Iris Walker's Hispanic

25  supervisor, Marjorie Yanzon, along with Defendants' Human Resources department ("HR"),

26  suspended and terminated Bianca Cody and Iris Walker for a pretextual reason. On the night of

27  August 6, 2022, no less than seven of Defendants' employees consumed alcohol while at work for

28

E|G

ELKIN GAMBOA LLP

1   Defendants. Marjorie Yanzon was the manager on duty the night of August 6, 2022. Instead of

2   giving writeups to all employees that had consumed alcohol, Marjorie Yanzon discriminatorily gave

3   writeups only to Bianca Cody and Iris Walker, while choosing not give write ups to other non-black

4   employees that consumed alcohol. Later, HR suspended and eventually terminated Bianca Cody

5   and Iris Walker for the above incident, while steadfastly refusing to even write up any of the other

6   non-Black alcohol consumers. Upon learning of their discriminatory suspensions and terminations,

7   Bianca Cody and Iris Walker made numerous documented complaints to HR, stating that they felt

8   discriminated against and targeted. However, Defendants, once again, never conducted an

9   investigation into Bianca Cody and Iris Walker's complaints about discrimination.

10       31.   After Bianca Cody's termination, Defendants waited 30 days to pay her final wages

11   in violation of California law.

12                              **FIRST CAUSE OF ACTION**

13              **Discrimination Based on Race in Violation of the FEHA**

14   (All Plaintiffs against Defendants Edition Management, LLC; Marriott International, Inc.; and

15                              DOES 1 through 50)

16       32.   Plaintiffs incorporate by reference all allegations in the foregoing paragraphs of this

17   Complaint as though fully set forth herein.

18       33.   At all times relevant to this action, Plaintiffs were employed by Defendants.

19       34.   At all times relevant to this action, Defendants were an employer who regularly

20   employed five or more persons within the meaning of California Government Code § 12926(d).

21       35.   At all times relevant to this action, Plaintiffs were members of a protected class

22   within the meaning of California Government Code §§ 12940(a), 12926(o), because of Plaintiffs'

23   race.

24       36.   At all times relevant to this action, Defendants unlawfully discriminated against

25   Plaintiffs, as previously alleged, on the basis of Plaintiffs' membership in the protected class.

26       37.   Defendants were substantially motivated to take adverse employment actions against

27   Plaintiffs because of Plaintiffs' membership in the protected class.

28

E | G

ELKIN GAMBOA ᴸᴸᴾ

8

COMPLAINT

38. As a direct and proximate result, Plaintiffs have suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period time in the future be unable to obtain equivalent employment, as Plaintiffs' ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiffs will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

39. As a direct and proximate result of Defendants' conduct, Plaintiffs suffered general damages, as Plaintiffs were psychologically injured. Such injuries have caused, and continue to cause, Plaintiffs great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

40. As a direct and proximate result of Defendants' conduct, Plaintiffs, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiffs and Plaintiffs will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

41. Plaintiffs are informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for Plaintiffs' rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiffs' employment rights were being violated, with the intent to deprive Plaintiffs of employment benefits. Accordingly, an award of punitive damages is warranted.

42. Plaintiffs are informed and believe and thereon allege that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and/or ratified by it as well by the and through its officers, directors, and/or managing agents.

43. Pursuant to Government Code § 12965(c)(6), Plaintiffs request a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

E | G

ELKIN GAMBOA ...

44.   Plaintiffs filed timely charges of discrimination with the DFEH and received a Notice of Case Closure informing Plaintiffs of Plaintiffs' right to sue. Therefore, Plaintiffs have exhausted all administrative remedies.

### SECOND CAUSE OF ACTION

**Harassment Based on Race in Violation of the FEHA**

(All Plaintiffs against all Defendants)

45.   Plaintiffs incorporate by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

46.   At all times relevant to this action, Plaintiffs were employed by Defendants.

47.   At all times relevant to this action, Defendants were an employer who regularly employed one or more persons within the meaning of California Government Code § 12940(j)(4)(A).

48.   At all times relevant to this action, Plaintiffs were a member of a protected class within the meaning of California Government Code §§ 12940(a), 12926(o), because of Plaintiffs' race.

49.   At all times relevant to this action, Defendants unlawfully harassed Plaintiffs, as previously alleged, on the basis of Plaintiffs' protected class.

50.   The harassing conduct to which Plaintiffs were subjected was severe and/or pervasive. A reasonable person in Plaintiffs' position and circumstances would have considered the work environment to be hostile and/or abusive, and Plaintiffs considered the work environment to be hostile and/or abusive.

51.   Defendants participated in, assisted, encouraged, and/or permitted the harassing conduct to which Plaintiffs were subjected. Defendants and their supervisors/agents all knew or should have known of the harassing conduct, yet failed to take immediate and appropriate corrective action.

52.   As a direct and proximate result, Plaintiffs have suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period time in the future be unable

10
COMPLAINT

E|G

ELKIN GAMBOA ⌐

to obtain equivalent employment, as Plaintiffs' ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiffs will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

53.     As a direct and proximate result of Defendants' conduct, Plaintiffs suffered general damages, as Plaintiffs were psychologically injured. Such injuries have caused, and continue to cause, Plaintiffs great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

54.     As a direct and proximate result of Defendants' conduct, Plaintiffs, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiffs and Plaintiffs will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

55.     Plaintiffs are informed and believe, and thereon allege that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for Plaintiffs' rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiffs' employment rights were being violated, with the intent to deprive Plaintiffs of employment benefits. Accordingly, an aware of punitive damages is warranted.

56.     Plaintiffs are informed and believe and thereon allege that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and/or ratified by it as well by the and through its officers, directors, and/or managing agents.

57.     Pursuant to Government Code § 12965(c)(6), Plaintiffs request a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

E | G
ELKIN GAMBOA LLP

58.    Plaintiffs filed timely charges of discrimination with the DFEH and received a Notice of Case Closure informing Plaintiffs of Plaintiffs' right to sue. Therefore, Plaintiffs have exhausted all administrative remedies.

### THIRD CAUSE OF ACTION

**Retaliation in Violation of the FEHA**

(All Plaintiffs against Defendants Edition Management, LLC; Marriott International, Inc.; and DOES 1 through 50)

59.    Plaintiffs incorporate by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

60.    At all times relevant to this action, Plaintiffs were employed by Defendants.

61.    At all times relevant to this action, Defendants were an employer who regularly employed five or more persons within the meaning of California Government Code § 12926(d).

62.    At all times relevant to this action, Plaintiffs were a member of a protected class within the meaning of California Government Code §§ 12940(a), 12926(o), because of Plaintiffs' race.

63.    At all times relevant to this action, Defendants unlawfully discriminated against Plaintiffs, as previously alleged, on the basis of Plaintiffs' membership in the protected class.

64.    Defendants were substantially motivated to take adverse employment actions against Plaintiffs because of Plaintiffs' membership in the protected class.

65.    As a direct and proximate result, Plaintiffs have suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period time in the future be unable to obtain equivalent employment, as Plaintiffs' ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiffs will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

66.    As a direct and proximate result of Defendants' conduct, Plaintiffs suffered general

E|G

ELKIN GAMBOA LLP

1   damages, as Plaintiffs was psychologically injured. Such injuries have caused, and continue to

2   cause, Plaintiffs great mental pain and suffering, in an amount more than this Court's minimal

3   jurisdiction.

4          67.    As a direct and proximate result of Defendants' conduct, Plaintiffs, for a period of

5   time in the future, will be required to employ physicians and incur additional medical and incidental

6   expenses. The exact amount of such expenses is presently unknown to Plaintiffs and Plaintiffs will

7   seek leave of Court to amend this Complaint to set forth the exact amount when it has been

8   ascertained.

9          68.    Plaintiffs are informed and believes, and thereon alleges that the employees, officers,

10  directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful

11  acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful

12  and conscious disregard for Plaintiffs' rights. They also acted fraudulently, as they willfully

13  concealed the fact that Plaintiffs' employment rights were being violated, with the intent to deprive

14  Plaintiffs of employment benefits. Accordingly, an award of punitive damages is warranted.

15         69.    Plaintiffs are informed and believe and thereon allege that the actions of Defendants'

16  employees, officers, directors, and/or managing agents were undertaken with the prior approval,

17  consent, and authorization of Defendants and were subsequently authorized and/or ratified by it as

18  well by the and through its officers, directors, and/or managing agents.

19         70.    Pursuant to Government Code § 12965(c)(6), Plaintiffs request a reasonable award

20  of attorneys' fees and costs, including expert fees pursuant to the FEHA.

21         71.    Plaintiffs filed timely charges of discrimination with the DFEH and received a Notice

22  of Case Closure informing Plaintiffs of Plaintiffs' right to sue. Therefore, Plaintiffs have exhausted

23  all administrative remedies.

24                              **FOURTH CAUSE OF ACTION**

25    **Failure to Prevent Discrimination and Retaliation in Violation of the FEHA**

26    (All Plaintiffs against Defendants Edition Management, LLC; Marriott International, Inc.; and

27                              DOES 1 through 50)

28

E | G

ELKIN GAMBOA LLP

COMPLAINT

72.     Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

73.     At all times relevant hereto, the FEHA, including *Government Code* section 12940(k), was in full force and effect and was binding upon Defendants. This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination and retaliation from occurring. As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring.

74.     The above said acts of Defendants constitute violations of the FEHA and were a proximate cause of Plaintiffs' damages as stated below.

75.     As a direct and proximate result, Plaintiffs have suffered, and continue to suffer, substantial losses in earnings and other benefits. The exact amount of such losses is presently unknown, and Plaintiffs will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

76.     As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered and continue to suffer emotional distress and mental anguish. As a direct and proximate result of Defendants' conduct, Plaintiffs have incurred, and will continue to incur, medical expenses related to Plaintiffs' emotional distress.

77.     Plaintiffs are informed and believe, and thereon allege that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for Plaintiffs' rights.  They also acted fraudulently, as they willfully concealed the fact that Plaintiffs' employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

78.     Plaintiffs are informed and believe and thereon allege that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval,

E | G

ELKIN GAMBOA LLP

1  consent, and authorization of Defendants and were subsequently authorized and/or ratified by them

2  as well as by and through Defendants' officers, directors, and/or managing agents.

3      79.    Pursuant to *Government Code* section 12965(b), Plaintiffs request a reasonable

4  award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

5      80.    Plaintiffs filed timely charges of discrimination with the DFEH and received a Notice

6  of Case Closure informing Plaintiffs of Plaintiffs' right to sue. Therefore, Plaintiffs have exhausted

7  all administrative remedies.

8  **FIFTH CAUSE OF ACTION**

9  **Wrongful Termination in Violation of Public Policy**

10 (All Plaintiffs against Defendants Edition Management, LLC; Marriott International, Inc.; and

11 DOES 1 through 50)

12     81.    Plaintiffs incorporate by reference all allegations in the foregoing paragraphs of this

13 Complaint as though fully set forth herein.

14     82.    At all times relevant to this action, Plaintiffs were employed by Defendants.

15     83.    At all times relevant to this action, California Government Code § 12900 et seq. was

16 in full force and effect and was binding upon Defendants. California Government Code § 12900 et

17 seq. prohibits Defendants from discriminating or retaliating against an employee who protests

18 discrimination, and from failing to take all reasonable steps necessary to prevent discrimination

19 from occurring.

20     84.    California Government Code § 12900 *et seq*. evinces a policy that benefits society at

21 at large, was well-established at the time of Plaintiff's discharge, and is substantial and fundamental.

22     85.    Defendants terminated Plaintiffs in violation of the public policy evinced by

23 California Government Code § 12900 *et seq.*

24     86.    As a direct and proximate result, Plaintiffs have suffered, and continues to suffer,

25 substantial losses in earnings and other benefits, and will for a period time in the future be unable

26 to obtain equivalent employment, as Plaintiffs' ability to obtain such employment and earning

27 capacity have been diminished. The exact amount of such expenses and losses is presently unknown,

28

E|G

ELKIN GAMBOA ᴸᴸᴾ

1 | and Plaintiffs will seek leave of Court to amend this Complaint to set forth the exact amount when
2 | it is ascertained.

3 | 87.    As a direct and proximate result of Defendants' conduct, Plaintiffs suffered general
4 | damages, as Plaintiffs were psychologically injured. Such injuries have caused, and continue to
5 | cause, Plaintiffs great mental pain and suffering, in an amount more than this Court's minimal
6 | jurisdiction.

7 | 88.    As a direct and proximate result of Defendants' conduct, Plaintiffs, for a period of
8 | time in the future, will be required to employ physicians and incur additional medical and incidental
9 | expenses. The exact amount of such expenses is presently unknown to Plaintiffs and Plaintiffs will
10 | seek leave of Court to amend this Complaint to set forth the exact amount when it has been
11 | ascertained.

12 | 89.    Plaintiffs are informed and believe, and thereon allege that the employees, officers,
13 | directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful
14 | acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful
15 | and conscious disregard for Plaintiffs' rights. They also acted fraudulently, as they willfully
16 | concealed the fact that Plaintiffs' employment rights were being violated, with the intent to deprive
17 | Plaintiffs of employment benefits. Accordingly, an award of punitive damages is warranted.

18 | 90.    Plaintiffs are informed and believe and thereon allege that the actions of Defendants'
19 | employees, officers, directors, and/or managing agents were undertaken with the prior approval,
20 | consent, and authorization of Defendants and were subsequently authorized and/or ratified by it as
21 | well by the and through its officers, directors, and/or managing agents.

22 | **SIXTH CAUSE OF ACTION**

23 | **Retaliation in Violation of Labor Code Section 1102.5**

24 | (All Plaintiffs against Defendants Edition Management, LLC; Marriott International, Inc.; and

25 | DOES 1 through 50)

26 | 91.    Plaintiffs incorporate by reference all allegations in the foregoing paragraphs of this
27 | Complaint as though fully set forth herein.

28 |

E | G

ELKIN GAMBOA LLP

92.     At all times material hereto, Plaintiffs were employees of Defendants.

93.     Plaintiffs disclosed to a person with authority over plaintiffs, and to an employee with authority to investigate, discover, or correct, information regarding legal violations committed by Defendants; specifically, Plaintiffs all complained to Defendants that they felt targeted and discriminated against.

94.     Plaintiffs had reasonable cause to believe that the information disclosed a violation of local and state regulations; specifically, California Government Code § 12900 *et seq.*

95.     Defendants engaged in at least the following adverse employment actions against Plaintiff because of Plaintiff's disclosure of violations of local and state regulations: refusal to hire Plaintiffs for certain positions, refusal to promote Plaintiffs, or termination of Plaintiffs.

96.     As a direct and proximate result, Plaintiffs have suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period time in the future be unable to obtain equivalent employment, as Plaintiffs' ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiffs will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

97.     As a direct and proximate result of Defendants' conduct, Plaintiffs suffered general damages, as Plaintiffs were psychologically injured. Such injuries have caused, and continue to cause, Plaintiffs great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

98.     As a direct and proximate result of Defendants' conduct, Plaintiffs, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiffs and Plaintiffs will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

99.     Plaintiffs are informed and believe, and thereon allege that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful

17
COMPLAINT

ELKIN GAMBOA ᴸᴸᴾ

E | G

28

1  acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful

2  and conscious disregard for Plaintiffs' rights. They also acted fraudulently, as they willfully

3  concealed the fact that Plaintiffs' employment rights were being violated, with the intent to deprive

4  Plaintiffs of employment benefits. Accordingly, an award of punitive damages is warranted.

5      100.    Plaintiffs are informed and believe and thereon allege that the actions of Defendants'

6  employees, officers, directors, and/or managing agents were undertaken with the prior approval,

7  consent, and authorization of Defendants and were subsequently authorized and/or ratified by it as

8  well by the and through its officers, directors, and/or managing agents.

9      101.    Pursuant to Labor Code section 1102.5(j) Plaintiffs seek an award of Plaintiff's

10  reasonable attorney's fees incurred in pursuing this action.

11  **SEVENTH CAUSE OF ACTION**

12  **Failure to Provide Required Rest Periods**

13  [Cal. Lab. Code §§ 226.7, 512; IWC Wage Orders]

14  (All Plaintiffs against Defendants Edition Management, LLC; Marriott International, Inc.; and

15  DOES 1 through 50)

16      102.    Plaintiffs incorporate by reference all allegations in the foregoing paragraphs of this

17  Complaint as though fully set forth herein.

18      103.    At all times relevant herein, as part of Defendants' illegal payroll policies and

19  practices to deprive their non-exempt employees all wages earned and due, Defendants required that

20  Plaintiffs perform job duties that prevented them from being able to take a 10-minute rest period as

21  required under California Labor Code Sections 226.7 and 512, and IWC Wage Orders. Additionally,

22  Plaintiffs missed their subsequent second, third, or fourth rest period for each additional four (4)

23  hours worked, or major fraction thereof.

24      104.    Defendants further violated California Labor Code Section 226.7 and IWC Wage

25  Orders by failing to pay Plaintiffs one additional hour of compensation at each employee's regular

26  rate of pay for each rest period that was not provided.

27

28

E | G

ELKIN GAMBOA ...

105.    As a proximate result of the aforementioned violations, Plaintiffs have been damaged in an amount according to proof at trial, and seeks all wages earned and due, interest, penalties, expenses, and costs of suit.

## EIGHTH CAUSE OF ACTION

### Failure to Pay Timely Wages During Employment

[Cal. Lab. Code § 204]

(All Plaintiffs against Defendants Edition Management, LLC; Marriott International, Inc.; and DOES 1 through 50)

106.    Plaintiffs incorporate by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

107.    Pursuant to California Labor Code Section 204, for all labor performed between the 1st and 15th days of any calendar month, Defendants are required to pay their nonexempt employees between the 16th and 26th day of the month during which the labor was performed. California Labor Code Section 204 also provides that for all labor performed between the 16th and 26th days of any calendar month, Defendants are required to pay their nonexempt employees between the 1st and 15th day of the following calendar month. In addition, California Labor Code Section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday of the next regular payroll period.

108.    Defendants knowingly and willfully failed to pay Plaintiffs all the wages earned when due as required by California Labor Code Section 204.

109.    Pursuant to California Labor Code Section 210, failure to pay the wages of each employee as provided in California Labor Code Section 204 will subject Defendants to a statutory penalty of: (1) one hundred dollars ($100) for each failure to pay each employee for each initial violation; and (2) two hundred dollars ($200) for each failure to pay each employee, plus twenty-five percent (25%) of the amount unlawfully withheld, for each subsequent violation.

110.    Defendants' conduct described herein violates California Labor Code Section 204. As a proximate result of the aforementioned violations, Plaintiffs have been damaged in an amount

EIG

ELKIN GAMBOA

1 | according to proof at trial. Pursuant to California Labor Code Sections 200, 210, 226, 558, 1194,

2 | 1197.1, 2699, and other applicable provisions under the Labor Code and IWC Wage Orders,

3 | Plaintiffs are entitled to recover the unpaid balance of wages owed to him by Defendants, plus

4 | interest, penalties, attorneys' fees, expenses, and costs of suit.

### NINTH CAUSE OF ACTION

**Failure to Pay All Wages Due to Discharged and Quitting Employees**

[Cal. Lab. Code §§ 201, 202, 203]

(All Plaintiffs against Defendants Edition Management, LLC; Marriott International, Inc.; and

DOES 1 through 50)

111.    Plaintiffs incorporate by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

112.    Pursuant to California Labor Code Sections 201, 202, and 203, Defendants are required to pay all earned and unpaid wages to an employee who is discharged. California Labor Code Section 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

113.    Furthermore, pursuant to California Labor Code Section 202, Defendants are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or wages at the time of quitting.

114.    California Labor Code Section 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code Sections 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

115.    Defendants have willfully failed to pay accrued wages, premium pay for missed meal and rest periods and other compensation to Plaintiffs in accordance with California Labor Code Sections 201 and 202.

E|G

ELKIN GAMBOA ᴸᴸᴾ

1    116.    As a result, Plaintiffs are entitled to all available statutory penalties, including the

2    waiting time penalties provided in California Labor Code Section 203, together with interest

3    thereon, attorney's fees and costs as well as other available remedies.

**TENTH CAUSE OF ACTION**

**Failure to Maintain Required Records**

[Cal. Lab. Code §§ 226, 1174; IWC Wage Orders]

(All Plaintiffs against Defendants Edition Management, LLC; Marriott International, Inc.; and

DOES 1 through 50)

9    117.    Plaintiffs incorporate by reference all allegations in the foregoing paragraphs of this

10    Complaint as though fully set forth herein.

11    118.    As part of Defendants' illegal payroll policies and practices to deprive Plaintiffs of

12    all wages earned and due, Defendants knowingly and intentionally failed to maintain records as

13    required under California Labor Code Sections 226, 1174, and IWC Wage Orders, including but not

14    limited to the following records: total daily hours worked by each employee; applicable rates of pay;

15    all deductions; meal period pay; rest period pay; time records showing when each employee begins

16    and ends each work period; and accurate itemized statements.

17    119.    Plaintiffs suffered injury due to Defendants' failure, as Plaintiffs cannot easily

18    determine from the records required to be maintained by Defendants, the proper amount of wages

19    owed to Plaintiffs.

20    120.    As a proximate result of Defendants' unlawful actions and omissions, Plaintiffs have

21    been damaged and is entitled to all available statutory penalties, including but not limited to

22    penalties pursuant to California Labor Code Sections 226 (e), and an award of costs, expenses, and

23    reasonable attorneys' fees, including but not limited to those provided in Section 226 (e), as well as

24    other available remedies.

**ELEVENTH CAUSE OF ACTION**

**Failure to Furnish Accurate, Itemized Wage Statements**

[Cal. Lab. Code §§ 226; IWC Wage Orders]

28

21

COMPLAINT

ELKIN GAMBOA ᴸᴸᴾ

1     (All Plaintiffs against Defendants Edition Management, LLC; Marriott International, Inc.; and

2                            DOES 1 through 50)

3         121.    Plaintiffs incorporate by reference all allegations in the foregoing paragraphs of this

4 Complaint as though fully set forth herein.

5         122.    Defendants routinely failed to provide Plaintiffs with timely, accurate, and itemized

6 wage statements in writing showing each employee's gross wages earned—including missed meal

7 and rest period pay, total hours worked, all deductions made, net wages earned, the name and address

8 of the legal entity or entities employing Plaintiffs, and all applicable hourly rates in effect during

9 each pay period and the corresponding number of hours worked at each hourly rate, in violation of

10 California Labor Code Section 226 and IWC Wage Orders.

11         123.    Defendants knowingly and intentionally failed to provide Plaintiffs with timely,

12 accurate, and itemized wage statements in accordance with California Labor Code Section 226 (a).

13         124.    Plaintiffs suffered injury due to Defendants' failure, as Plaintiffs cannot easily

14 determine from the wage statements issued by Defendants the proper amount of wages owed to

15 Plaintiffs.

16         125.    As a proximate result of Defendants' unlawful actions and omissions, Plaintiffs have

17 been damaged and is entitled to all available statutory penalties, including but not limited to civil

18 penalties pursuant to California Labor Code Sections 226 (e), and an award of costs, expenses, and

19 reasonable attorneys' fees, including but not limited to those provided in Section 226 (e), as well as

20 other available remedies.

21                    **TWELFTH CAUSE OF ACTION**

22               **Unfair and Unlawful Business Practices**

23              [Cal. Bus. & Prof. Code §§ 17200, *et seq.*]

24     (All Plaintiffs against Defendants Edition Management, LLC; Marriott International, Inc.; and

25                            DOES 1 through 50)

26         126.    Plaintiffs incorporate by reference all allegations in the foregoing paragraphs of this

27 Complaint as though fully set forth herein.

28

E | G

ELKIN GAMBOA LLP

127.    Each and every one of Defendants' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200 *et seq*.

128.    Defendants' violations of California wage and hour laws constitute a business practice because Defendants' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiffs.

129.    Defendants have avoided payment of wages, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, Defendants have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

130.    As a result of Defendants' unfair and unlawful business practices, Defendants have reaped unfair and illegal profits at the expense of Plaintiffs and members of the public. Defendants should be made to disgorge its ill-gotten gains and to restore them to Plaintiffs.

131.    Defendants' unfair and unlawful business practices entitle Plaintiffs to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendants account for, disgorge, and restore to Plaintiffs the wages and other compensation unlawfully withheld from Plaintiffs. Plaintiffs are entitled to restitution of all monies to be disgorged from Defendants, including, but not limited to, overtime wages withheld, minimum wages withheld, meal break and rest break premiums withheld, and reimbursements for necessary business expenses withheld.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of the, as follows:

1.    For compensatory damages and consequential damages including lost wages, earnings, commissions, and other employee benefits and loss of earning capacity, and other special damages according to proof;

2.    For general damages for mental pain and anguish and emotional distress;

E | G

ELKIN GAMBOA ᴸᴸᴾ

1      3.     For payment of unpaid wages in accordance with the California Labor Code and IWC

2  Wage Orders;

3      4.     For rest period compensation pursuant to California Labor Code § 226.7 and IWC

4  Wage Orders;

5      5.     For payment of penalties in accordance with California law, including but not limited

6  to penalties pursuant to California Labor Code;

7      6.     For Defendants to be ordered and enjoined to make restitution to Plaintiffs and

8  disgorgement of profits from their unlawful business practices and accounting, pursuant to

9  California Business and Professions Code § 17203 and 17204;

10     7.     For punitive damages pursuant to Civil Code § 3294 in amounts sufficient to punish

11  Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

12     8.     For costs of suit, attorneys' fees, and expert witness fees pursuant the Labor Code,

13  Government Code, Code of Civil Procedure § 1021.5, and/or any other basis;

14     9.     For pre- and post-judgment interest;

15    10.    For penalties as required by law; and

16    11.    For all such other and further relief that the court may deem just and proper.

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28

E | G

ELKIN GAMBOA

DATED:  March 13, 2023

Respectfully Submitted,

ELKIN | GAMBOA LLP

By: _____
Michael Elkin
Attorneys for Plaintiffs BIANCA CODY, IRIS
WALKER, and MARTEL DEVLIN

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a jury trial of all causes of action and claims with respect to
which Plaintiff has a right to jury trial.

Respectfully Submitted,

DATED:  March 13, 2023

ELKIN | GAMBOA LLP

By: _____
Michael Elkin
Attorneys for Plaintiffs BIANCA CODY, IRIS
WALKER, and MARTEL DEVLIN